UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

|  |  |  |
|---|---|---|
| In re<br>RICHARDS CONDITIONING CORP.,<br>Debtor. | : <br> : <br> : <br> : <br> : | Chapter 11<br><br>Case No. 09-22525 (RDD) |
| RICHARDS CONDITIONING CORP.,<br>Plaintiff<br><br>-against-<br><br>THE FUSCO CORPORATION; CITY OF STAMFORD; NORESCO LLC; JOHNSON CONTROLS, INC.; and THE TRAVELERS CASUALTY AND SURETY CO. OF AMERICA,<br>Defendants | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Adv. Pro. No. 11-08255 (RDD) |

**<u>DEFENDANT JOHNSON CONTROLS, INC.'S MOTION TO COMPEL ARBITRATION</u>**

Pursuant to Fed. R. Bankr. P. 7012(B), and the Federal Arbitration Act, 9 U.S.C. §1 *et seq*. ("FAA"), Defendant Johnson Controls, Inc. ("JCI") hereby moves this Court to stay the portion of Plaintiff Richards Conditioning Corp.'s ("RCC") Complaint in Adversary Proceeding for Breach of Contract ("Complaint") that pertains to JCI and compel RCC to submit such claims to arbitration.

JCI's contractual relationship with RCC, as set forth in Proofs of Claim #85 and Claim #89, filed in Case No. 09-022525 (the "JCI Claims"), contains a dispute resolution clause which states: "All disputes involving more than $15,000 shall be resolved by arbitration in accordance with the rules of the American Arbitration Association. The prevailing party shall recover all legal costs and attorney's fees incurred as a result. Nothing here shall limit any rights under

3948205.2

construction lien laws." (*See* Copies of Proofs of Claim #85 and #89 attached to Plaintiff's Complaint at Exhibit C and D, Terms and Conditions ¶ 9). RCC concedes that the JCI Claims are both in excess of $15,000 and thus fall squarely within the arbitration provision. (Complaint ¶¶ 29-30).

Furthermore, RCC alleges that Exhibit B to its Complaint is the Contract between RCC and JCI. (Complaint ¶ 28). Exhibit B to RCC's Complaint is not signed by JCI. Assuming RCC's allegation is true and Exhibit B governs JCI's relationship with RCC, RCC's claims against JCI are still subject to arbitration. As set forth in Exhibit B, the relationship between JCI and RCC was to be governed by the standard AIA A401 Contract. (Complaint at Exhibit B, p.1). The 1997 version of the standard AIA A401 Contract, which was in effect at the time Exhibit B was sent in October 2005, also contains a dispute resolution provision that ultimately requires arbitration. The form AIA A401 Contract states, in §6.2.2, that claims "shall be decided by arbitration which […] shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association." Thus, to the extent any disputes arising in this litigation fall outside the express terms of JCI's Proofs of Claim, the parties clearly expressed their intent to have those claims subject to arbitration.

RCC's contractual relationships with JCI are governed by written agreements in which the parties agreed to arbitrate any controversy arising out of JCI's relationship with RCC. In general, Bankruptcy Courts are required to enforce arbitration provisions in contracts. *MBNA Am. Bank, N.A. v. Hill*, 436 F. 3d 104 (2nd Cir. 2006); *see also Cardali v. Gentile (In re Cardali)*, 2010 Bankr. LEXIS 4113 (Bankr. S.D.N.Y. Nov. 18, 2010). This is especially true in the case of "garden variety pre-petition contract disputes" such as the payment disputes at issue in this case. *See In re Cardali*, 2010 Bankr. LEXIS 4413 at *23. The fact that JCI filed its proof

of claim does not in any way affect the arbitrability of all claims between JCI and RCC. *In re Cardali*, 2010 Bankr. LEXIS 4113 at *30-31 (Filing of a proof of claim did not waive the parties right to demand arbitration and, while procedurally a core proceeding, proofs of claim which are substantively based on breach of contract allegations are subject to arbitration).

Because RCC's claims are based solely on an alleged breach of contract between RCC and JCI, and because they fall squarely within the scope of the valid and enforceable arbitration provisions, RCC must arbitrate its claims against JCI. Accordingly, JCI respectfully requests that this Court: (1) compel arbitration between RCC and JCI, and (2) stay RCC's claims against JCI pending the outcome of those proceedings.

HAHN LOESER AND PARKS, LLP

/s/ Alan S. Kopit

Alan S. Kopit
Admitted Pro Hac Vice
200 Public Square, Suite 2800
Cleveland, OH 44114
Tel.:   (216) 621-0150
Fax:   (216) 241-2824
Email: askopit@hahnlaw.com

*Attorneys for Defendant Johnson Controls, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that the foregoing was served via the Court's electronic filing system this 6th day of May, 2011. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

                    /s/ Alan S. Kopit
*One of the Attorneys for Defendant Johnson Controls, Inc.*